# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:

SUSANNE STONE MARSHALL,
ADELE FOX, MARSHA PESHKIN, : Civ. No. 15-mc-01-LPS
RUSSELL OASIS,

Petitioners.

---

## **MEMORANDUM ORDER**

Pending before the Court are: (1) Susanne Stone Marshall, Adele Fox, Marsha Peshkin and Russell Oasis's (collectively, "Petitioners") Verified Petition Under Fed. R. Civ. P. 27(a) to Perpetuate Testimony Before Action ("the Petition") (D.I. 1); and (2) a motion to transfer the Petition to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a) (D.I. 15), filed by Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower P.C., Jeffry Picower Special Co., Barbara Picower, Picower Institute for Medical Research, The Picower Foundation, Trust f/b/o Gabrielle H. Picower (collectively, "the Picower Parties"). The Picower Parties are the "expected adverse parties" listed in the Petition (*see* D.I. 1 at ¶ 17), and it is anticipated they will be the defendants in a lawsuit Petitioners intend to file.

Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff ("Trustee"), submitted a brief supporting the motion to transfer (D.I. 18) after the Court granted his request to intervene.

(*See* Transcript of Jan. 22, 2015 teleconference (D.I. 23) ("Tr.") at 44:3-5)

The Petition seeks an order allowing the deposition of Bernard L. Madoff, who is presently incarcerated for 150 years for his role in carrying out a multi-billion dollar Ponzi scheme. (D.I. 1 at ¶ 1) Mr. Madoff is almost 77 years old, has a history of heart and kidney disease, and has never been questioned under oath about his notorious Ponzi scheme. (*Id.* at ¶¶ 1, 8; Tr. at 12:23-24) Petitioners, who "are Madoff customers who lost their life savings through his brokerage firm," believe Mr. Madoff will provide additional evidence they can use to show Jeffry M. Picower was a co-conspirator in the Ponzi scheme. (D.I. 1 at ¶¶ 2-4, 16) Petitioners contend that because "Picower died under mysterious circumstances in 2009, after Madoff was imprisoned . . . [Madoff is] the only person with personal knowledge of conversations between Madoff and Picower." (*Id.* at ¶ 4)

Petitioners filed their Petition on January 2, 2015. (D.I. 1) On January 14, the Picower Parties requested a teleconference, and on January 22 the Court held a teleconference. (D.I. 5, 6) At the conclusion of the teleconference, the Court provided an outline for how the Court would require expedited briefing on the Petition and a motion to transfer, should Petitioners continue to wish to litigate here and should the Picower Parties and the Trustee prefer New York. (Tr. at 39:14-40:3) All parties adhered to their original preferences.[1] Consequently, on January 30 the Picower Parties filed their motion to transfer (D.I. 15) and all briefing on the Petition and the motion was completed on February 13 (D.I. 22).

Motions to transfer require a case-specific consideration of the circumstances presented

---

[1] Petitioners declined to file the Petition in the Southern District of New York even after the Picower Parties and the Trustee agreed that they would not oppose expedited treatment there. (*See* Tr. at 36:23-37:8)

2

and a weighing of several factors, including those identified by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *see also, e.g., Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744 (D. Del. 2012). Having considered the *Jumara* factors and this Court's decisions applying them, the Court finds that the factors, in total, weigh sufficiently in favor of transfer.[2] Accordingly, for the reasons explained below, the Picower Parties' motion to transfer (D.I. 15) will be GRANTED, and the petition will be transferred to the Southern District of New York.

While the choice of forum of Petitioners disfavors transfer, the deference to be given to Petitioners' choice is reduced because Delaware is not their home. (D.I. 1 at ¶ 9) The fact that four of the Picower Parties – Decisions Incorporated, JA Primary Limited Partnership, JA Special Limited Partnership, and JMP Limited Partnership – are incorporated in Delaware (*see* D.I. 1 at ¶ 17) makes Delaware an appropriate forum in which Petitioners may properly file their Petition. *See* Fed. R. Civ. P. 27(a)(1) ("A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides."). However, incorporation in Delaware is not dispositive, *see Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), and here all four Delaware corporations have their principal place of business in New York (*see* D.I. 1 at ¶ 17).

Petitioners contend that they did not file the Petition in the Southern District of New York, where all other related cases are being handled (*see* D.I. 16 at 11), because "this

---

[2]The Court rejects Petitioners' assertion that the *Jumara* factors are "largely irrelevant" to a motion to transfer a summary proceeding such as this one. (*See* D.I. 19 at 7) Nor do Petitioners supply other, more relevant criteria for the Court to consider.

3

proceeding can most expeditiously be addressed if it is in a stand alone posture in a forum devoid of other related cases which would be distractions to the limited issues involved here." (D.I. 19 at 12; *see also* Tr. at 18:11-15, 19:17-20:5, 35:10-12) More specifically, Petitioners contend that they filed their petition in this District because they "believe the Delaware courts are, generally speaking, more efficient." (D.I. 19 at 12-13) However, Petitioners admitted there are mechanisms for seeking expedited review in the Southern District of New York (Tr. at 19:17-20:5), and they provide no persuasive reason for why they should not do so. Nor do Petitioners offer any convincing argument for why a judge in the Southern District of New York should not be the one to determine how, and how urgently, the Petition should be resolved.

Petitioners' additional reasons for filing in Delaware are likewise unavailing: (1) even if "this Circuit has a well developed and readily ascertainable R. 27 jurisprudence," there is no reason to conclude that the Second Circuit's jurisprudence will make it more difficult "for the parties to ascertain the law and provid[e] [less] predictability" (*see* D.I. 19 at 12); and (2) even if "counsel for Petitioners, Respondents and the Trustee regularly appear in Delaware courts" (*id.*), all lead counsel are based in New York (*see* D.I. 18 at 7).

Defendants' choice of the Southern District of New York weighs in favor of transfer. At least fifteen of the seventeen Picower Parties reside or have a principal place of business in New York. (*See* D.I. 1 at ¶ 17) The other two are alleged to reside in Florida (*see id.*), although the Picower Parties and Trustee note that these two parties actually reside in New York (*see* D.I. 16 at 9; D.I. 18 at 6 n.5).

The location where the relevant events occurred, which is the same as the location of books and records in this case, weighs strongly in favor of transfer. It is undisputed that "New

4

York is where Madoff, a New Yorker, perpetrated his Ponzi scheme, through his New York-based firm, Bernard L. Madoff Investment Securities LLC ('BLMIS')." (D.I. 16 at 2; *see also, e.g.*, D.I. 19 at 9) Petitioners do not allege that any relevant transactions or events took place in Delaware.

The convenience of the parties weighs in favor of transfer. None of the parties reside or have their principal place of business in Delaware. (*See* D.I. 1 at ¶ 17) Rather, the vast majority of the parties reside or have their principal place of business in New York, and the remaining parties, including Petitioners, reside in Florida. (*See id.* at ¶¶ 9, 17; *see also* D.I. 18 at 6 n.5)

The convenience of the witnesses is neutral. The only relevant witness in a Rule 27 summary proceeding would be Mr. Madoff, and his deposition would take place in North Carolina, where he is incarcerated, regardless of which court, if any, ultimately grants the Petition. (*See* D.I. 19 at 7) *Cf. Jumara*, 55 F.3d at 879 (explaining that convenience of witnesses is only relevant "to the extent that the witnesses may actually be unavailable for trial in one of the fora").

Public interest considerations weigh strongly in favor of transfer. The Southern District of New York has a "local interest[] in deciding [this] local controvers[y] at home." *Id.* at 879. Judicial efficiency would be served by transferring the Petition to the Southern District of New York, where all other Madoff matters are being handled. "Not only is the BLMIS liquidation consolidated with Madoff's individual liquidation in New York, but the Trustee has more than 900 actions pending in the New York bankruptcy court, with over 3,500 defendants, and the criminal cases against Madoff and BLMIS employees were heard in the Southern District of New

5

York." (D.I. 18 at 2)³ The BLMIS Liquidation itself involves over 16,500 customer claims. (D.I. 22 at 12) Moreover, the United States District Court for the Southern District of Florida has deferred to the Southern District of New York on the question of whether Petitioners' initial class actions, *see Fox v. Picower*, No. 10-cv-80252-KLR (S.D. Fla. Mar. 23, 2011), and *Marshall v. Picower*, No. 10-cv-80254-KLR (S.D. Fla. Mar. 23, 2011) (collectively, "*Fox/Marshall I*"), as well as Petitioners' Second Amended Complaint, *see Marshall v. Capital Growth Co.*, No. 10-cv-80252-KLR (S.D. Fla. Feb. 5, 2014) ("*Fox/Marshall II*"), are derivative of claims barred by a permanent injunction imposed by the Southern District of New York as a result of a settlement agreement which "released all claims the Trustee brought or could have brought against the Picower Parties in connection with BLMIS" (D.I. 18 at 5 (citing *Picard v. Picower*, Adv. Pro. No. 09-01197 (Bankr. S.D.N.Y. Jan. 13, 2011), D.I. 43, Ex. A at ¶ 3)). "Fox's appeal from the Bankruptcy Court order enjoining *Fox/Marshall II* is pending before S.D.N.Y. District Court Judge Koeltl, who also decided Fox's appeal of *Fox/Marshall I*. Judge Koeltl is well-acquainted with Madoff matters . . . ." (D.I. 16 at 11) Accordingly, Judge Koeltl well-positioned to decide the Petition on the merits.

For these same reasons, practical considerations strongly favor transfer and no pertinent administrative difficulties arising from transfer have been identified.

Finally, the public policy against forum shopping weighs in favor of transfer. During the teleconference, Petitioners were advised that "on the surface, this certainly feels like forum shopping. And that feeling, if not dissipated by the full briefing, may well fully factor into . . .

---

³The Trustee contends that time is not truly of the essence here, as "thousands of parties in active litigation have the opportunity to seek Madoff's deposition." (D.I. 18 at 5)

6

my decision as to whether or not ultimately this matter should be transferred to the Southern District of New York." (Tr. at 39:4-9) Even if there is nothing improper about Petitioners' filing here in Delaware, the obvious and necessary relationship between the Petition and Petitioners' ongoing litigation efforts further demonstrates that the Southern District of New York is in the best position to assess the merits and urgency of the Petition.[4]

Overall, then, the Court concludes that the Picower Parties and the Trustee have met their burden to show that the pertinent factors weigh strongly in favor of transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.") (internal quotation marks and citation omitted).

Accordingly, IT IS HEREBY ORDERED that the Picower Parties' motion to transfer this action to the United States District Court for the Southern District of New York (D.I. 15) is GRANTED. The Clerk of Court shall TRANSFER this action.

IT IS FURTHER ORDERED that, no later than seven (7) days after the Petition is docketed in the Southern District of New York, the parties shall make reasonable efforts to advise that court of: (i) their joint request for expedited review of the Petition; and (ii) the fact that the merits of the Petition have been briefed in this Court. Notwithstanding this Court's directives to the parties, nothing in the Court's order or disposition today is intended in any way to bind or influence the Southern District of New York in any respect as to how (or when) it handles the transferred Petition.

---

[4]The remaining *Jumara* factors are neutral.

7

The oral argument scheduled in this Court for February 27 is CANCELED.

Wilmington, Delaware
February 25, 2015

_____
UNITED STATES DISTRICT JUDGE